In re: Ronald EVANS, a/k/a Freak, a/k/a Man–Man, Movant.

No. 11–194.

United States Court of Appeals, Fourth Circuit.

Argued: Sept. 21, 2011.

Decided: Oct. 6, 2011.

ARGUED: Bryan A. Stevenson, Equal Justice Initiative, Montgomery, Alabama, for Ronald Evans. Richard D. Cooke, Assistant United States Attorney, Office of the United States Attorney, Richmond, Virginia, for the United States. ON BRIEF: Matthew W. Greene, Greene Law Group PLLC, Springfield, Virginia; Benjamin W. Maxymuk, Equal Justice Initiative, Montgomery, Alabama, for Ronald Evans. Neil H. MacBride, United States Attorney, Alexandria, Virginia, for the United States.

Before WILKINSON, MOTZ, and DAVIS, Circuit Judges.

Motion granted by unpublished PER CURIAM opinion.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

After a jury convicted Ronald Evans of six narcotics crimes committed as a juvenile and a criminal conspiracy that extended for some time after his eighteenth birthday, a judge sentenced him to life imprisonment without the possibility of parole. Now, relying on *Graham v. Florida*, — U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), Evans moves for authorization to file a successive habeas application. *See* 28 U.S.C. § 2255(h)(2). At oral argument, the Government properly acknowledged that in the appropriate case *Graham* establishes a previously unavailable rule of constitutional law that applies retroactively on collateral review. *See* 28 U.S.C. § 2244(b)(3)(C), (2)(A). The Government, however, contends that this is not such a case. Because Evans has made a "prima facie showing" that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," *id.*, we grant his motion for authorization to file a successive habeas application. We of course do not suggest any view on the ultimate merits of Evans' claim.

*MOTION GRANTED.*